**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JOSEPHINE C. FLORES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:08-cv-1487-B |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and the order of the District Court filed on August 22, 2008. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

Procedural History:  On July 24, 2006, plaintiff Josephine Flores filed an application for disability insurance benefits, claiming disability due to degenerative disc disease, arthritis, and depression. (Administrative Record (hereinafter "Tr.") at 12, 106).  She alleged a disability onset date of July 24, 2006.  (Tr. at 10).

The Administrative Law Judge ("ALJ") conducted a hearing on November 8, 2007 (Tr. 473-492), and a supplemental hearing on March 18, 2008 (Tr. 493-514), at which Flores appeared with her counsel.  She testified on her own behalf.  At the initial hearing the ALJ received the testimony of Russell Bowden, a vocational expert, as well.  Proceedings were recessed so that the ALJ could obtain a psychological evaluation of the Plaintiff.  When the administrative hearing was reconvened on March 18th, Dr. Alvin Smith, a clinical psychologist,

testified with respect to Ms. Flores's mental health and Sterling H. Moore, M.D., gave opinion evidence regarding her physical impairments. Plaintiff herself testified about her then-current medication and its side effects. On April 21, 2008, the ALJ denied Plaintiff's request for benefits, finding that she was not disabled because she retained the capacity to perform her past relevant work as a customer service representative and collection specialist (Tr. at 10-21).

Plaintiff timely requested a review of the ALJ's decision by the Appeals Council and on June 30, 2008, the Appeals Council denied her request. (Tr. 3-6). Therefore, the ALJ's decision became the Commissioner's final decision for purposes of judicial review. *See Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002).

Plaintiff filed her federal complaint on August 22, 2008. Defendant filed an answer on November 6, 2008. On January 6, 2009, Plaintiff filed her brief, followed by Defendant's brief on March 6, 2009. Plaintiff filed a reply brief on March 23, 2009.

<u>Standard of Review - Social Security Claims</u>: When reviewing an ALJ's decision to deny benefits, the scope of judicial review is limited to a determination of: (1) whether the ALJ's decision is supported by substantial evidence in the record and (2) whether the proper legal standards were applied in evaluating the evidence. *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th Cir. 2003) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa*, 895 F.2d at 1021-22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In determining whether substantial evidence exists, the court reviews the entire record, but does not reweigh the evidence, retry the issues, or substitute its own judgment. *Villa*, 895 F. 2d 1022 (citations

omitted).  Where the Commissioner's findings of fact are supported by substantial evidence, they are conclusive.  *Perez v. Barnhart*, 415 F.3d 461(5th Cir. 2005).

Discussion:    To prevail on a claim for disability insurance benefits, a claimant bears the burden of establishing that he or she is disabled, defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  20 C.F.R. § 404.1505.  Substantial gainful activity is defined as "work that [i]nvolves doing significant and productive physical or mental duties; and [i]s done (or intended) for pay or profit."  20 C.F.R. § 404.1510.

The ALJ uses a sequential five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §404.1520.  Under the first four steps, a claimant has the burden of proving that her disability prevents her from performing her past relevant work, but under the fifth step, the burden shifts to the Commissioner to prove there is other substantial gainful activity that the claimant can perform.  *See, e.g., Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989).  "A finding that a claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis."  *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In this case, the ALJ proceeded to step four, finding that Plaintiff retained the functional capacity to perform her past relevant work as a customer service representative and collection specialist, and therefore denied her request for benefits.  (Tr. 19-21).

Flores argues the ALJ's Residual Functional Capacity (RFC) findings are insufficient to show that she can perform her past relevant work, and the ALJ improperly concluded depression

3

was not severe because "great care" was not taken.  For the reasons discussed below, the court finds the ALJ's decision is supported by substantial evidence in the record and the proper legal standards were applied in evaluating the evidence.

A claimant will be found "not disabled" when it is determined that she retains the RFC to perform (1) the actual functional demands and job duties of a particular past relevant job; or (2) the functional demands and job duties of the occupation as generally required by employers throughout the national economy.  Social Security Ruling  (SSR) 82-61.  In finding an individual has the capacity to perform her past relevant job, the decision  must contain among the findings the following specific findings of fact: (1)  A finding of fact as to the individual's RFC, (2) a finding of fact as to the physical and mental demands of the past job/occupation, and (3) a finding of fact that the individual's RFC would permit a return to his or her past job or occupation.  SSR 82-62.  Social Security Rulings are published under the authority of the Commissioner of Social Security and are binding on all components of the Administration.  20 C.F.R. § 402.35(b)(1).

The ALJ found that Flores retained the RFC to perform the actual functional demands and job duties of her past relevant work as a customer service representative and collection specialist. (Tr. 19-20).  He relied on a variety of factors in reaching his determination on her RFC.  These factors included the medical evidence, the medication and effectiveness of the medication she was prescribed, and her daily living activities.  (Tr. 12-20).  The ALJ provided a detailed description of the objective medical evidence, diagnoses and opinions, and Plaintiff's subjective evidence and his analysis of the same in reaching his determination.  *Id*.  He determined Ms. Flores has the RFC to occasionally lift and/or carry 20 pounds, frequently lift

and/or carry 10 pounds, stand and/or walk for about 6 hours in an 8-hour work day, and push and/or pull within her strength limitations.  (Tr. at 17).  He noted her ability to perform the full range of light work activity is reduced by an inability to ever climb ladders, ropes, or scaffolds, and further limited activities such as climbing, stooping, or crawling to an occasional basis.  *Id*.

Ms. Flores contends the ALJ "did not follow the requirements of SSR 82-62 and set out the mental requirements of the past job and did not set out the retained mental abilities of Flores to draw a comparison."  (Pl. Br. 8).  The ALJ considered her work-related abilities "function by function" (Tr. at 20), and reviewed Plaintiff's work history to make findings of fact as to the physical and mental demands of her past occupation as a collection specialist and customer service representative.[1]  (Tr. 20, 163-70).  After reviewing all of the evidence, the ALJ concluded that Plaintiff retained the residual functional capacity to perform her past relevant work.  SSR 82-62 states "[t]he rationale for a disability decision must be written so that a clear picture of the case can be obtained. The rationale must follow an orderly pattern and show clearly how specific evidence leads to a conclusion."  At bottom, the ALJ properly exercised his responsibility as fact finder in weighing the evidence and in choosing to incorporate limitations into his RFC assessment which were most clearly supported by the record.  Therefore, there is substantial evidence to support the ALJ's RFC determination.

Flores next argues the ALJ improperly concluded that her depression was not severe, alleging his application of the *de minimis* legal standard from *Stone v. Heckler*, 752 F. 2d 1099 (5th Cir., 1985) was lacking, and that he failed to exercise "great care" in applying the not severe

---

[1]  He noted her past job required the use of a telephone, fax machine, and computer, and that she sat most of the day and never lifted more than 10 pounds.  (Tr. at 20).  The ALJ noted Plaintiff is "limited to frequent rather than constant fine finger manipulation, grasping and feeling."  *Id*.

5

concept embodied in SSR 85-28 in reaching his conclusion, to wit: evaluating her ability to perform her past work in light of her age, education and prior work experience.

An impairment can be considered "not severe" only if it is a slight abnormality having such minimal effect on an individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *Stone v. Heckler*, 752 F. 2d at 1101 (internal citations omitted).

In assessing Plaintiff's medically determinable mental impairments, the ALJ evaluated the functional areas of activities of daily living; social functioning; concentration, persistence, or pace; and deterioration or decompensation in work or work-like settings. (Tr. 15-16). The ALJ noted Plaintiff has "some limitation" in her activities of daily living, as related in her statements to Dr. Stephenson that she is able to "wash dishes, prepare meals and attend to her personal care", but does not sleep well and has been burning food lately. (Tr. 15-16, 430). The ALJ found "mild limitation" in Flores' social functioning, noting she attends church, gets along well with her younger daughter but not her older daughter, and has a good friend that visits and talks to her on the phone. *Id*. The ALJ found "mild limitation" in concentration, persistence, and pace, noting results from an MRI of her brain and MRAs of her head and neck (Tr. 15, 293-94), and that her ability to remember visual and auditory information, either immediately or after a delay, was average for a person of her age. (Tr. 16, 430-37). The ALJ found no evidence of decompensation, noting Dr. Stephenson's determination that Flores had reactive depression during his consultation exam with her, but that she never required inpatient psychiatric hospitalization, has no legal difficulties and "has generally functioned fairly well." *Id*.

The ALJ considered Dr. Stephenson's opinion that Defendant would have marked

6

limitation in responding to routine work pressures or changes in work setting; however, he did not attach significant weight to this opinion. (Tr. 16, 496-98). He noted Flores saw Dr. Stephenson once for a consultative exam and he found her mood to be "euthymic with consistent affect". *Id*. She never sought extensive treatment for a mental impairment, and medical expert Dr. Alvin Smith testified that Dr. Stephenson's rating was inconsistent with the body of his report *Id*.

"[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir.2000); *see also Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir.1994). Since Dr. Stephenson was a consultative examiner rather than a treating physician, his opinion is not accorded the same controlling weight as the opinion of a treating physician. 20 C.F.R. § 404.1527(d)(2)-(3). Therefore, the ALJ could properly discount Dr. Stephenson's opinion based on the lack of treatment relationship with Plaintiff and after reviewing the entirety of the medical evidence and the hearing testimony of Plaintiff and the medical experts. It is clear that the ALJ considered the psychological evaluation made by Dr. Stephenson based upon his consultative examination on December 17, 2007, as evidenced by the detailed recitation of the doctor's assessment in the ALJ's decision. (Tr. at 14-15). However, in determining the weight to be given to the assessment the ALJ also considered the evidence in Plaintiff's medical records as well as the testimony and opinion expressed by Dr. Smith at the administrative hearing. *Id*. The ALJ stated the reasons for accepting Dr. Smith's opinion over that expressed by Dr. Stephenson. It is exclusively in the province of the ALJ to determine the weight and credibility to be given to opinions which conflict or which are not wholly consistent with one another.

7

In determining whether substantial evidence of disability exists, the court weighs four factors: objective medical evidence, diagnoses and opinions, the plaintiff's subjective evidence of pain and disability, and the plaintiff's age, education, and work history. *Perez*, 415 F.3d at 457. On review of the Social Security Commissioner's decision to deny disability benefits, a finding of no "substantial evidence" to support the decision is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698 (5th Cir. 2001). Where the Commissioner's findings of fact are supported by substantial evidence, they are conclusive. *Perez*, 415 F.3d at 461. In this case, the ALJ considered the objective medical evidence, diagnoses and opinions, plaintiff's age, education, and work history, and plaintiff's subjective evidence in reaching his determination. (Tr. 11-20). His findings of fact are supported by substantial evidence.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the District Court enter its order AFFIRMING the decision of the Commissioner and DISMISSING this action with prejudice. A copy of this recommendation shall be transmitted to counsel for the parties.

Signed this 20th day of April, 2009.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.